UNITED STATES of America, Plaintiff,

v.

**Rayfus J. FERGUSON, Defendant.**

**No. 81–CR–65.**

United States District Court,
E. D. Wisconsin.

May 20, 1982.

Joseph P. Stadtmueller, U. S. Atty. by Charles H. Bohl, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

William M. Coffey, Milwaukee, Wis., for defendant.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

Rayfus J. Ferguson was indicted on April 30, 1981, on one count of receipt and possession by a convicted felon of a Browning 9MM semi-automatic pistol received in interstate commerce, in violation of 18 U.S.C. (Appendix) § 1202(a)(1). The indictment alleges that on December 19, 1973, the defendant was convicted in Milwaukee County Circuit Court of the felony of possession of a controlled substance with intent to deliver, in violation of §§ 161.14 and 161.41, Wis.Stats.

In a decision and order issued on September 22, 1981, the Court granted the defendant's motion to suppress two statements made by him to law enforcement officials during the execution of a search warrant on March 24, 1981. The grounds for the suppression are described at length in the decision. Essentially the Court found that while the two statements were "voluntary," the defendant did not make a knowing and intelligent waiver of his rights. The Court relied principally upon the decision of the Fifth Circuit in *United States v. McCrary,* 643 F.2d 323 (5th Cir. 1981), and the failure of the law enforcement personnel to advise the defendant of the consequences of making any statement regarding possession of a firearm when he believed that they were investigating drug possession. The Court also noted that the search warrant was executed by twenty-three officers in the middle of the night who first tried to gain access to the house by a ruse and then broke down the door, that the defendant and his family were detained in the house under police supervision, and that, before the second statement was made, an attorney acting at the request of the defendant's sister attempted to gain access to the house to speak to the persons being held inside, but access was refused and the defendant was not told that the attorney had been at the house.

The Government has moved for reconsideration of the decision, complaining that neither *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) nor *United States ex rel. Henne v. Fike,* 563 F.2d 809 (7th Cir. 1977) compels the police to advise a defendant of the crime they are investigating before interrogating him; that the statements were volunteered and were not the product of interrogation; and that the defendant was not denied his right to counsel prior to the time the defendant made his second statement. The motion for reconsideration will be granted.

There is a certain inequity, which the Fifth Circuit has recognized, in allowing a man to incriminate himself to law enforcement personnel about a crime which he is not conscious of having committed, when he knows only that he is being investigated for a different crime.* On reflection, how-

---

* The defendant did not testify at the hearing and therefore it cannot be found as a fact that he

ever, I am persuaded that the inequity is not one which the *Miranda* decision is designed to redress, nor is it one which the Seventh Circuit recognizes as a basis for allowing a person to avoid the consequences of speaking once he has been told and has understood that he has a right to remain silent.

In *Miranda* the Court noted that volunteered statements of any kind are not barred by the Fifth Amendment. 384 U.S. at 478, 86 S.Ct. at 1630. Once an individual has been given appropriate *Miranda* warnings, therefore, and, understanding the warnings, he chooses to speak, the Fifth Amendment offers him no protection from the consequences of his speech. In *United States ex rel. Henne v. Fike*, supra, the Seventh Circuit held that a suspect who is advised that he is being investigated for one crime and who is given the *Miranda* warnings need not be given the warnings a second time before he is asked about a different crime. In that case the defendant was arrested for driving while intoxicated and later was asked what he knew of the whereabouts of a second man whom the police then believed to be an escapee from a county jail. Ultimately the defendant led the police to the body of the second man, and the defendant was indicted and convicted for murder. The Seventh Circuit stated:

> " * * * no authority has been advanced, and we find none, holding Detective Bales was constitutionally compelled to administer new warnings before questioning Henne even assuming that he then suspected Henne of having murdered Cretney." 563 F.2d at 814.

In this case there is reason to believe that at least the second officer who heard the defendant make a statement about possession of a gun knew, on the basis of their long acquaintance, that the defendant was a convicted felon and might incriminate himself by his admission. Even if the defendant himself was not aware of the potential for self-incrimination on a gun

was not aware of the potential consequences to himself of possessing a firearm, in light of his felony conviction, but the burden of proof in a

charge, he was aware that he had the right to say nothing. Similarly, while the officers refused to allow Attorney Glynn access to the defendant, the defendant himself did not ask for an attorney. Since the most current expression of law in this circuit is that *Miranda* warnings need not be re-administered before a defendant is questioned about a second offense, then, even assuming that the defendant's responses were elicited by the officers, they are not rendered inadmissible by the lack of warning to the defendant about the nature of the second offense.

IT IS THEREFORE ORDERED that the Government's motion for reconsideration of the decision and order issued on September 22, 1981, is granted; that decision and order is vacated to the extent it held that the defendant's motion to suppress two statements made by him on March 24, 1981, was granted; and the defendant's motion to suppress those two statements is denied.

suppression hearing is on the Government under the *Miranda* decision.